UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 2: 20-cv-1474 KJN P |
| Plaintiff, | |
| v. | ORDER |
| S. MEY et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

1  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
2  In reviewing a complaint under this standard, the court must accept as true the allegations of the
3  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
4  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468
5  U.S. 183 (1984).

Plaintiff's Claims

Named as defendants are Correctional Officer Mey, Warden Spearman, Facility Captain Grether, Roderick and Correctional Sergeant Smith.

*Claim One*

In claim one, plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment. Plaintiff alleges that on May 5, 2018, defendant Mey ordered plaintiff out of his cell for the "ostensible purpose" of defendant Mey changing plaintiff's American's with Disabilities Act ("ADA") vest. Plaintiff allege that exchanges of ADA vests are permitted only by medical staff and not by correctional officers.

Plaintiff alleges that plaintiff complied with defendant Mey's order to leave his cell and to give defendant Mey his ADA vest. Plaintiff then remembered that he had left his hearing aids in the pocket of the ADA vest. Plaintiff reached out to retrieve the vest, telling defendant Mey that he had inadvertently given defendant Mey his hearing aids. Defendant Mey then yelled at plaintiff, "What the fuck are you gonna do, snatch it right out of my hand motherfucker?" Defendant Mey began unbuckling the pepper spray can from his utility belt.

Plaintiff said, "Look, just forget it," and turned to walk back to his cell. As plaintiff walked away, defendant Mey sprayed plaintiff in the back of his head with an excessive amount of pepper spray. Defendant Mey then charged at plaintiff and struck plaintiff in the back.

Plaintiff alleges that after defendant Mey's attack, plaintiff saw and heard defendants Roderick, Smith and Grether meeting in front of plaintiff. These defendants said that they had to "get out in front of this thing or it's going to be bad, real bad." These defendants agreed to place plaintiff in punitive segregation based on the false allegation that plaintiff had lunged at defendant Mey with a clenched fist, thus warranting the use of force.

Plaintiff alleges that video footage of the incident disproved defendants Mey, Smith, Grether and Rodericks' version of events. The Warden, i.e., defendant Spearman, released plaintiff from punitive segregation. Plaintiff was also found not guilty of the rules violation report charging plaintiff with assault, although plaintiff was found guilty of the lesser offense of refusing orders.

Plaintiff also alleges that upon his release from punitive segregation, more than ten separate staff members informed him that defendant Mey had separated from CDCR because he had at least ten excessive force claims filed against him in the past five years and plaintiff's incident had been the last straw.

Claim one states a potentially colorable Eighth Amendment claim against defendant Mey based on the alleged excessive force.

Plaintiff appears to allege that defendants Smith, Grether and Roderick attempted to cover-up defendant Mey's alleged excessive force by filing a rules violation report falsely accusing plaintiff of assaulting defendant Mey. These allegations do not rise to the level of an Eighth Amendment claim because the alleged filing of the false report did not cause the alleged assault. See Ragsdale v. Flores, 2015 WL 6164908, at *6 (C.D. Cal. 2015) (finding that defendant officer who allegedly participated in a cover up by filing a false report about the alleged assault failed to state a cognizable claim and noting that "[p]reparing a false report about an incident after it occurred cannot subject that individual to liability for the force used during the incident"). Accordingly, these Eighth Amendment claims against defendant Smith, Grether and Roderick are dismissed.

*Claim Two*

In claim two, plaintiff alleges an Eighth Amendment failure to protect claim against defendants Spearman, Grether, Smith and Roderick. Plaintiff alleges that defendants Spearman, Grether, Smith and Roderick were responsible for the training, supervision and discipline of defendant Mey. Plaintiff alleges that these defendants knew that in the past three years, defendant Mey had applied excessive force against at least five inmates. Plaintiff alleges that based on their knowledge of defendant Mey's history of excessive force against inmates, these defendants knew

1  that defendant Mey posed a serious risk of harm to inmates.  Plaintiff alleges that these
2  defendants took no remedial action to better train or supervise defendant Mey.  Plaintiff alleges
3  that the failure of these defendants to take remedial action against defendant Mey led to defendant
4  Mey's alleged assault of plaintiff on May 5, 2018.

5  Plaintiff's allegations against defendants Spearman, Grether, Smith and Roderick state
6  potentially colorable Eighth Amendment claims.

7  *Claim Three*

8  In claim three, plaintiff alleges retaliation claims against defendants Mey and Roderick.

9  Plaintiff alleges that on May 3, 2018, defendant Mey detained plaintiff as plaintiff left the
10 dining room.  Defendant Mey ordered plaintiff to give him a bottle of hot sauce, a container of
11 instant coffee and a bag of cupcakes that plaintiff was carrying.  Defendant Mey told plaintiff that
12 the food and coffee were contraband.  Plaintiff told defendant Mey that he (plaintiff) had
13 purchased the food in a food-package sent by his family.

14 Defendants Mey and Roderick began eating the cupcakes and told plaintiff that they
15 would enjoy drinking the coffee.  Plaintiff told defendants that they had no right to
16 "commandeer" his property even if it had been contraband.  Plaintiff told defendants that he
17 should have been given the opportunity to either send the alleged contraband home or destroy it.
18 In response to plaintiff's comments, defendant Mey stated, "Yeah, yeah, we know you're the
19 legal whiz-kid on the block."  Defendant Roderick told plaintiff that he was not supposed to bring
20 any food into the kitchen with him, and that any food brought in was considered contraband.

21 Plaintiff pointed out to defendants that practically every inmate in the dining hall had
22 brought in items to supplement their meal and were, in fact, openly carrying their food items in
23 their hands as they walked past plaintiff and defendants.  Defendant Mey responded, "yeah, but
24 they're not whining little ass-holes who drop a grievance against staff every time they don't get
25 their way, so they could bring their bundles to liven up their meals…"

26 Plaintiff walked away and reported the incident to defendant Smith.  Defendant Smith told
27 plaintiff that he would speak to defendants Mey and Roderick.

28 Plaintiff alleges that after assaulting plaintiff on May 5, 2018, defendant Mey told plaintiff

5

that he was there because plaintiff had informed on him to defendant Smith two days earlier.

The undersigned finds that claim three contains three retaliation claims. First, plaintiff alleges that defendants Mey and Roderick retaliated against him for filing grievances by selectively enforcing the rule that inmates are not allowed to take their own food into the dining room. Second, plaintiff alleges that defendants Mey and Roderick retaliated against him for filing grievances by failing to follow the rules regarding disposal of contraband, i.e., defendants improperly took plaintiff's food and coffee for their own consumption. Third, plaintiff alleges that defendant Mey assaulted him on May 5, 2018 in retaliation for plaintiff complaining about him (defendant Mey) to defendant Smith on May 3, 2018.

A retaliation claim has five elements. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. Id. For example, filing an inmate grievance is protected. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must show that the defendant took adverse action against him. Watison, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." Id. In other words, the plaintiff must claim the defendant subjected him to an adverse action because of his engagement in protected activity. Rhodes, 408 F.3d at 567.

"Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." Watison, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution....'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (1985).

Plaintiff's claim that defendants Mey and Roderick retaliated against him for filing grievances when they failed to file the rules regarding contraband disposal states a potentially colorable retaliation claim. Plaintiff's claim that defendant Mey assaulted him in retaliation for plaintiff reporting him (defendant Mey) to defendant Smith states a potentially colorable retaliation claim.

////

Plaintiff's claim that defendants Roderick and Mey retaliated against plaintiff for filing grievances by selectively enforcing the rule that inmates are not allowed to bring food into the dining room does not state a potentially colorable retaliation claim. Defendants' enforcement of the rule, even if selectively enforced, advanced the legitimate goals of the correctional institution, i.e., enforcement of valid rules and regulations. Accordingly, this retaliation claim is dismissed.

*Claims Four, Five and Six*

In claims four, five and six, plaintiff alleges that defendants violated state law. However, plaintiff's complaint does not demonstrate compliance with the California Tort Claims Act ("CTCA").

Under the CTCA, no action for damages may be commenced against a public employee or entity unless a written claim was timely presented and acted upon before filing suit. See, e.g., Cal. Govt. Code §§ 905, 945.4, 950.2. The suit must "allege facts demonstrating or excusing compliance with the claim presentation requirements" or the claim is subject to dismissal for failure to state a cause of action. State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (2004). "The requirement that a plaintiff must affirmatively allege compliance with the CTCA [also] applies in federal court." Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Because plaintiff does not allege compliance with the CTCA, claims four, five and six are dismissed.

*Claim Seven*

Plaintiff alleges that because he submitted grievances against defendants, defendants Roderick, Grether and Smith enlisted various inmates to broadcast that plaintiff was a snitch and ought to be attacked by the general population inmates. Plaintiff alleges that several inmates expressed interest in attacking plaintiff based on this information.

Plaintiff alleges that he filed a grievance explaining the threat to his safety, but defendants Roderick Grether and Smith failed to take remedial action to assist plaintiff in identifying the names of the inmate who threatened to attack him so that they could be added to plaintiff's enemy list. Plaintiff alleges that ultimately, defendant Grether transferred plaintiff away to a different

prison.

The undersigned finds that claim seven alleges two Eighth Amendment claims. First, plaintiff claims that defendants told other inmates that plaintiff was a snitch in order to have plaintiff attacked by other inmates. Second, plaintiff alleges that defendants failed to help him to identify the inmates who threatened him so that those inmates could be added to his enemy list.

Labeling an inmate a "snitch" or informant may state a claim under § 1983 "for denial of the right not to be subjected to physical harm by employees of the state acting under color of law." Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). However, plaintiff has not pled sufficient facts demonstrating that defendants violated his Eighth Amendment rights. Most importantly, plaintiff does not allege how he knows that defendants Roderick, Grether and Smith told other inmates that plaintiff was a snitch.

Plaintiff also does not allege any specific facts supporting his claim that several inmates expressed an interest in attacking him based on this information. While plaintiff may not be able to identify these inmates, he should be able to allege when these threats from other inmates occurred and what these inmates said to him. Accordingly, for these reasons, plaintiff's claim that defendants Roderick, Grether and Smith violated his Eighth Amendment rights by labeling him as a snitch is dismissed.

Plaintiff has not pled sufficient facts in support of his claim alleging that defendants Roderick, Grether and Smith violated his Eighth Amendment rights by failing to help him identify the inmates who threatened him so that their names could be added to his enemy list. Plaintiff appears to allege that his administrative grievances should have put defendants on notice of their alleged duty to identify the inmates who threatened plaintiff and add them to plaintiff's enemy list. However, plaintiff does not specifically allege what his grievances said which should have put defendants on notice of their alleged duty to update plaintiff's enemy list.

Plaintiff also does not allege how defendants responded to his grievances. While plaintiff alleges that defendant Grether ultimately transferred plaintiff to a different prison, plaintiff does not allege whether he received written responses to his grievances from defendants and, if so, what the responses stated.

Without knowing what plaintiff told defendants in his grievances, and how defendants responded, the undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim against defendants Roderick, Grether and Smith. Accordingly, claim seven is dismissed.

Conclusion

Plaintiff may proceed forthwith to serve defendants with the claims found potentially colorable above, and pursue only those claims, or he delay serving any defendant and file an amended complaint.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Mey, Spearman, Grether, Rooderick and Smith as to those claims found potentially colorable above, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of these defendants as to the potentially colorable claims.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the potentially colorable excessive force claim against defendant Mey (claim one), the potentially colorable failure to protect claim against defendants Spearman, Grether, Roderick and Smith (claim two), the potentially colorable retaliation claim based on the alleged improper disposal of plaintiff's contraband food and coffee by defendants Mey and Roderick (claim three), and the potentially colorable retaliation claim based on defendant Mey's alleged assault of plaintiff (claim three), are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects discussed above as to his other claims. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable claims against defendants Mey, Spearman, Grether, Roderick and Smith. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lamon1474.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,

    Plaintiff,

  v.

S. MEY, et al.,

    Defendants.

No. 2: 20-cv-1474 KJN P

NOTICE

    Plaintiff opts to proceed with the original complaint as to the following claims: 1) excessive force against defendant Mey (claim one); 2) failure to protect claim against defendants Spearman, Grether, Roderick and Smith (claim two); 3) retaliation claim based on the alleged improper disposal of plaintiff's contraband food and coffee by defendants Mey and Roderick (claim three); and 4) retaliation claim based on defendant Mey's alleged assault of plaintiff (claim three).

    Plaintiff consents to the dismissal of his remaining claims without prejudice.
_____

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                   _____
                                                 Plaintiff