UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. MEY, et al.,<br><br>    Defendants. | No. 2: 20-cv-1474 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 38.) For the reasons stated herein, the undersigned recommend that defendants' motion be denied.

On April 7, 2021, defendants filed a motion for an extension of time to file a reply to plaintiff's opposition. (ECF No. 40.) Good cause appearing, defendants' motion for an extension of time is granted. Defendants' reply is deemed timely filed.

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

////

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

In the motion to dismiss, defendants argue that plaintiff had three prior actions dismissed because they failed to state a claim, or were frivolous or malicious. The undersigned discusses these cases herein.

Case No. *F-98-cv-6089*

Defendants contend that Lamon v. Gomez, F-98-cv-6089 OWW LJO P, is a strike pursuant to 28 U.S.C. § 1915(g). Defendants contends that this case was dismissed for failure to prosecute and for failure to file an amended complaint after the court dismissed plaintiff's third amended complaint for failure to state a claim.

In case no. 98-cv-6089, on February 25, 2000, Magistrate Judge O'Neill dismissed plaintiff's third amended complaint with leave to amend for failing to state potentially colorable claims for relief. (ECF No. 38-2 at 12-17.) Plaintiff failed to file a fourth amended complaint. Accordingly, on May 24, 2000, Magistrate Judge O'Neill recommended that case 98-cv-6089 be dismissed. (Id. at 19-21.) On August 17, 2000, the Honorable Oliver W. Wanger adopted the May 24, 2000 findings and recommendations and dismissed the action. (Id. 24-25.)

2

1 | The undersigned finds that case no. 98-cv-6089 is a strike pursuant to 28 U.S.C.
2 | § 1915(g). <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017) (("[W]hen (1) a district
3 | court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to
4 | amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a
5 | strike under § 1915(g).").

6 | Case No. *18-cv-2218*

7 | Defendants next argue that <u>Lamon v. Allison</u>, 2:18-cv-2218 TLN CKD P, is a strike
8 | pursuant to 28 U.S.C. § 1915(g). In case no. 18-cv-2218, on January 9, 2019, Magistrate Judge
9 | Delaney dismissed plaintiff's complaint with leave to amend. (18-cv-2218 at ECF No. 13.)
10 | Magistrate Judge Delaney dismissed plaintiff's complaint on the grounds that, "plaintiff's
11 | complaint does not resemble anything 'short and plain,'" as required by Federal Rule of Civil
12 | Procedure 8. (<u>Id.</u> at ECF No. 13 at 3.)

13 | On September 30, 2019, Magistrate Judge Delaney dismissed plaintiff's first amended
14 | complaint for failing to comply with the requirement of Federal Rule of Civil Procedure 8 that it
15 | be "short and plain." (<u>Id.</u> at ECF No. 20.) Magistrate Judge Delaney also found that the amended
16 | complaint violated Federal Rule of Civil Procedure 20 in that it raised claims against defendants
17 | that did not arise out of the same transaction, occurrence or series of transactions or occurrences.
18 | (<u>Id.</u>)

19 | On February 21, 2020 Magistrate Judge Delaney issued findings and recommendations
20 | addressing plaintiff's second amended complaint. (<u>Id.</u> at ECF No. 35.) Magistrate Judge
21 | Delaney recommended that the action be dismissed for plaintiff's failure to follow court orders.
22 | (<u>Id.</u> at ECF No. 35.) In particular, Magistrate Judge Delaney found that plaintiff's second
23 | amended complaint disregarded previous orders finding that his earlier complaints did not meet
24 | the short and plain requirement of Federal Rule of Civil Procedure 8. (<u>Id.</u> at ECF No. 35 at 3-4.)
25 | Magistrate Judge Delaney found that, "[n]o aspect of the second amended complaint is 'short and
26 | plain.'" (<u>Id.</u> at ECF No. 35 at 3.)
27 | ////
28 | ////

Magistrate Judge Delaney concluded,

> Plaintiff has been given specific instructions regarding the requirement that he submit pleadings which comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and rules concerning proper joinder of defendants, and plaintiff has chosen to submit pleadings which blatantly do not comply. Accordingly, the court is left with no reasonable alternative except to, as the court warned it would do on September 30, 2019, recommend that this action be dismissed for plaintiff's failure to follow court orders pursuant to Federal Rule of Civil Procedure 41(b).

(Id. at ECF No. 35 at 4.)

On May 12, 2020, the Honorable Troy L. Nunley adopted the February 21, 2020 findings and recommendations. (Id. at ECF No. 43.) Plaintiff filed a notice of appeal of the February 21, 2020 order which is now pending in the Ninth Circuit Court of Appeals. (Id. at ECF No. 47.)

In Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013), the Ninth Circuit found that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]." 738 F.3d at 1110 (emphasis in original). The court dismissed Lamon v. Allison, 2:18-cv-2218 TLN CKD P, following plaintiff's repeated violation of Rule 8(a)'s "short and plain statement" requirement. For this reason, the undersigned finds that case no. 18-cv-2218 is a strike pursuant to § 1915(g). Plaintiff's pending appeal of the order dismissing 18-cv-2218 does not change this finding. Coleman v. Tollefson, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground [in 28 U.S.C. § 1915(g)] counts as a strike even if the dismissal is the subject of an appeal.").

Case No. *07-cv-1390*

Defendants next argue that Lamon v. Adams, 1:07-cv-1390 LJO GBC P, is a strike pursuant to 28 U.S.C. § 1915(g). Defendants argue that during screening, the court found that plaintiff failed to state a cognizable claim for relief because plaintiff's claim was barred by res judicata. Defendants argue that the court found that the prior case, 1:07-cv-00493, addressed identical issues arising from plaintiff's claim of cruel and unusual punishment related to tainted

4

food. Defendants argue that the court determined that the duplicative action failed to state a claim and dismissed the claim without leave to amend. Therefore, defendants contend, case no. 07-cv-1390 is a strike

Defendants' description of the proceedings in case no. 07-cv-1390 is not entirely accurate. The docket from this case indicates that on September 15, 2009, Magistrate Judge Snyder ordered service of defendants Masiel, Mendoza, David and Jane Doe as to claims alleging retaliation, use of excessive force and equal protection violations. (07-cv-1390 at ECF Nos. 22 at 13; 30.) On April 12, 2011, Magistrate Judge Cohn ordered the parties to show cause why the action should not be dismissed as duplicative of case no. 07-cv-00493. (Id. at ECF No. 74.) On June 7, 2011, Magistrate Judge Cohn recommended that case no. 07-cv-1390 be dismissed with prejudice as barred by res judicata. (Id. at ECF No. 79.) Magistrate Judge Cohn did not specifically recommend dismissal of case no. 07-cv-1390 as frivolous, malicious or for failure to state a claim. (Id. at ECF No. 79.) In other words, Magistrate Judge Cohn did not designate case no. 07-cv-1390 as a strike pursuant to 28 U.S.C. § 1915(g),

On July 6, 2011, the Honorable Lawrence J. O'Neill adopted the June 7, 2011 findings and recommendations. (Id. at ECF No. 80.) Judge O'Neill did not designate case no. 07-cv-1390 as a strike pursuant to 28 U.S.C. § 1915(g).

In Furnace v. Giurbino, 838 F.3d 1019, 1029 (9th Cir. 2016), the Ninth Circuit declined to designate as a strike the dismissal of a duplicative action based on claim preclusion. In declining to make this finding, the Ninth Circuit observed that typically, it is not until a defendant challenges a prisoner's in forma pauperis status that the court considers whether a prior suit was dismissed as frivolous, malicious or for failure to state a claim. (Id.) The Ninth Circuit also stated,

> We note our skepticism, however, of labeling Furnace's suit "malicious" merely because of its repetitiveness. The fact that Furnace had a good faith argument that his claims were not barred by California claim preclusion weights against finding Furnace's suit "malicious" or "frivolous."

Id. at 1029, n.7.

Pursuant to Furnace, it is clear that an action dismissed on res judicata grounds is not a

§ 1915(g) strike per se.  In the instant case, defendants do not address whether plaintiff had a good faith argument in case no. 07-cv-1390 for why his claims were not barred by res judicata.  Without detailed further briefing addressing the claims raised by plaintiff in case nos. 07-cv-1390 and 07-cv-00493, the undersigned cannot determine whether case no. 07-cv-1390 should be designated as a strike pursuant to 28 U.S.C. § 1915(g).

Because defendants have not demonstrated that plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g), the undersigned recommends that defendants' motion to revoke plaintiff's in forma pauperis status be denied.

On April 19, 2021, plaintiff filed a motion for an extension of time to pay the filing fee should the court grant defendants' motion to revoke his in forma pauperis status.  (ECF No. 42.)  This motion is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for an extension of time (ECF No. 40) is granted;
2. Plaintiff's motion for an extension of time to pay the filing fee (ECF No. 42) is denied as unnecessary; and

IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lam1474.57(2)