UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, <br><br> Plaintiff, <br><br> v. <br><br> S. MEY, et al., <br><br> Defendants. | No. 2: 20-cv-1474 TLN KJN P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 38.) For the reasons stated herein, the undersigned recommends that defendants' motion be granted. Based on this recommendation, the undersigned vacates defendants' pending motion to dismiss plaintiff's state law claims. This motion will be reinstated following resolution of defendants' motion to revoke plaintiff's in forma pauperis status, if appropriate.

Background

On April 30, 2021, the undersigned recommended that defendants' motion to revoke plaintiff's in forma pauperis status be denied. (ECF No. 43.) In these findings and recommendations, the undersigned found that defendants had not adequately addressed why case no. 1:07-cv-1390 LJO GBC P should be considered a strike pursuant to 28 U.S.C. § 1915(g).

1

(Id.)

On May 11, 2021, defendants filed objections to the April 30, 2021 findings and recommendations. (ECF No. 44.) Defendants' objections contained new arguments regarding why case no. 1:07-cv-1390 LJO GBC P should be considered a strike pursuant to 28 U.S.C. § 1915(g). (Id.) On May 24, 2021, plaintiff filed a reply to defendants' objections. (ECF No. 45.)

On June 2, 2021, the undersigned issued an order stating that, in the interest of judicial economy, he intended to consider defendants' new arguments contained in their objections regarding why case no. 1:07-cv-1390 LJO GBC P should be considered a strike pursuant to 28 U.S.C. § 1915(g). (ECF No. 46.) The undersigned vacated the April 30, 2021 findings and recommendations and granted plaintiff twenty-one days to file further briefing in response to the new arguments raised in defendants' objections. (Id.) Plaintiff was not required to file further briefing. (Id.)

On June 23, 2021, plaintiff filed further briefing in response to defendants' objections. (ECF No. 47.)

Discussion

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three

strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 638 (4th Cir. 2013)).

In the motion to dismiss, defendants argue that plaintiff had three prior actions dismissed because they failed to state a claim, or were frivolous or malicious. The undersigned discusses these cases herein.

*F-98-cv-6089*

Defendants argue that Lamon v. Gomez, F-98-cv-6089 OWW LJO P, is a strike pursuant to 28 U.S.C. § 1915(g). Defendants argue that this case was dismissed for failure to prosecute and for failure to file an amended complaint after the court dismissed plaintiff's third amended complaint for failure to state a claim.

In case no. 98-cv-6089, on February 25, 2000, Magistrate Judge O'Neill dismissed plaintiff's third amended complaint with leave to amend for failing to state potentially colorable claims for relief. (ECF No. 38-2 at 12-17.) Plaintiff failed to file a fourth amended complaint. Accordingly, on May 24, 2000, Magistrate Judge O'Neill recommended that case no. 98-cv-6089 be dismissed for plaintiff's failure to file an amended complaint. (Id. at 19-21.) On August 17, 2000, the Honorable Oliver W. Wanger adopted the May 24, 2000 findings and recommendations and dismissed the action. (Id. at 24-25.)

The undersigned finds that case no. 98-cv-6089 is a strike pursuant to 28 U.S.C. § 1915(g). See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (("[W]hen (1) a district

3

court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

*18-cv-2218*

Defendants next argue that Lamon v. Allison, 2:18-cv-2218 TLN CKD P, is a strike pursuant to 28 U.S.C. § 1915(g).

In case no. 18-cv-2218, on January 9, 2019, Magistrate Judge Delaney dismissed plaintiff's complaint with leave to amend. (18-cv-2218 at ECF No. 13.) Magistrate Judge Delaney dismissed plaintiff's complaint on the grounds that, "plaintiff's complaint does not resemble anything 'short and plain,'" as required by Federal Rule of Civil Procedure 8. (Id. at ECF No. 13 at 3.)

On September 30, 2019, Magistrate Judge Delaney dismissed plaintiff's first amended complaint for failing to comply with the "short and plain" requirement of Federal Rule of Civil Procedure 8. (Id. at ECF No. 20.) Magistrate Judge Delaney also found that the amended complaint violated Federal Rule of Civil Procedure 20 in that it raised claims against defendants that did not arise out of the same transaction, occurrence or series of transactions or occurrences. (Id.)

On February 21, 2020 Magistrate Judge Delaney issued findings and recommendations addressing plaintiff's second amended complaint. (Id. at ECF No. 35.) Magistrate Judge Delaney recommended that the action be dismissed for plaintiff's failure to follow court orders. (Id. at ECF No. 35.) In particular, Magistrate Judge Delaney found that plaintiff's second amended complaint disregarded previous orders finding that plaintiff's earlier complaints did not meet the short and plain requirement of Federal Rule of Civil Procedure 8. (Id. at ECF No. 35 at 3-4.) Magistrate Judge Delaney found that, "[n]o aspect of the second amended complaint is 'short and plain.'" (Id. at ECF No. 35 at 3.)

Magistrate Judge Delaney concluded,

> Plaintiff has been given specific instructions regarding the requirement that he submit pleadings which comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and rules concerning

4

> proper joinder of defendants, and plaintiff has chosen to submit pleadings which blatantly do not comply. Accordingly, the court is left with no reasonable alternative except to, as the court warned it would do on September 30, 2019, recommend that this action be dismissed for plaintiff's failure to follow court orders pursuant to Federal Rule of Civil Procedure 41(b).

(Id. at ECF No. 35 at 4.)

On May 12, 2020, the Honorable Troy L. Nunley adopted the February 21, 2020 findings and recommendations. (Id. at ECF No. 43.) Plaintiff filed a notice of appeal of the February 21, 2020 order which is now pending in the Ninth Circuit Court of Appeals. (Id. at ECF No. 47.)

In Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013), the Ninth Circuit found that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]." 738 F.3d at 1110 (emphasis in original). The court dismissed Lamon v. Allison, 2:18-cv-2218 TLN CKD P, following plaintiff's repeated violation of Rule 8(a)'s "short and plain statement" requirement. For this reason, the undersigned finds that case no. 18-cv-2218 is a strike pursuant to § 1915(g). Plaintiff's pending appeal of the order dismissing case no. 18-cv-2218 does not change this finding. Coleman v. Tollefson, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground [in 28 U.S.C. § 1915(g)] counts as a strike even if the dismissal is the subject of an appeal.").

*07-cv-1390*

Defendants next argue that Lamon v. Adams, 1:07-cv-1390 LJO GBC P, is a strike pursuant to 28 U.S.C. § 1915(g).

In the motion to dismiss, defendants argued that during screening, the court found that plaintiff failed to state a cognizable claim for relief because plaintiff's claim was barred by res judicata. (ECF No. 38 at 5.) Defendants argued that the court found that the prior case, 1:07-cv-00493, addressed identical issues arising from plaintiff's claim of cruel and unusual punishment related to tainted food. (Id.) Defendants argued that the court determined that the duplicative action failed to state a claim and dismissed the claim without leave to amend. (Id. at 5-6.) Therefore, defendants argued case no. 07-cv-1390 is a strike. (Id. at 6.)

5

In the April 30, 2021 findings and recommendations, the undersigned found that defendants' description of the proceedings in case no. 07-cv-1390 was not entirely accurate. (ECF No. 43 at 5.) The docket from case no. 07-1390 indicates that on September 15, 2009, Magistrate Judge Snyder ordered service of defendants Masiel, Mendoza, David and Jane Doe as to claims alleging retaliation, use of excessive force and equal protection violations. (Id., citing 07-cv-1390 at ECF Nos. 22 at 13; 30.) On April 12, 2011 Magistrate Judge Cohn ordered the parties to show cause why case no. 07-cv-1390 should not be dismissed as duplicative of case no. 07-cv-00493. (Id., citing 07-cv-1390 at ECF No. 74.) On June 7, 2011, Magistrate Judge Cohn recommended that case no. 07-cv-1390 be dismissed with prejudice as barred by res judicata. (Id., citing 07-cv-1390 at ECF No. 79.) Magistrate Judge Cohn did not specifically recommend dismissal of case no. 07-cv-1390 as frivolous, malicious or for failure to state a claim. (Id., citing 07-cv-1390 at ECF No. 79.) In other words, Magistrate Judge Cohn did not designate case no. 07-cv-1390 as a strike pursuant to 28 U.S.C. § 1915(g).

On July 6, 2011, the Honorable Lawrence J. O'Neill adopted the June 7, 2011 findings and recommendations. (Id., citing 07-cv-1390 at ECF No. 80.) Judge O'Neill did not designate case no. 07-cv-1390 as a strike pursuant to 28 U.S.C. § 1915(g).

In the April 30, 2021, findings and recommendations, the undersigned observed that in Furnace v. Giurbino, 838 F.3d 1019, 1029 (9th Cir. 2016), the Ninth Circuit declined to designate as a strike the dismissal of a duplicative action based on claim preclusion. (Id.) In declining to make this finding, the Ninth Circuit observed that typically, it is not until a defendant challenges a prisoner's in forma pauperis status that the court considers whether a prior suit was dismissed as frivolous, malicious or for failure to state a claim. 838 F.3d at 1029. The Ninth Circuit also stated,

> We note our skepticism, however, of labeling Furnace's suit "malicious" merely because of its repetitiveness. The fact that Furnace had a good faith argument that his claims were not barred by California claim preclusion weights against finding Furnace's suit "malicious" or "frivolous."

Id. at 1029, n. 7.

In the April 30, 2021 findings and recommendations the undersigned found that pursuant

6

to Furnace, it is clear that an action dismissed on res judicata grounds is not a § 1915(g) strike per se. (ECF No. 43 at 5-6.) The undersigned found that in the instant case, defendants failed to address whether plaintiff had a good faith argument in case no. 07-cv-1390 for why his claims were not barred by res judicata. (Id. at 6.) The undersigned found that without further briefing, the undersigned could not determine whether case no. 07-cv-1390 should be designated as a strike pursuant to 28 U.S.C. § 1915(g). (Id.)

In the objections, defendants argue that, "[a]lthough a dismissal of a case due to res judicata may not automatically constitute a strike, when considered with other factors for dismissal, a strike can be inferred." (ECF No. 44 at 2.) Citing O'Neal v. Price, 531 F.3d 1146, 1155-56 (9th Cir. 2008), defendants argue that a dismissal of an action with prejudice will constitute a strike, despite the fact it is not specifically designated as malicious or frivolous when, from the reasoning evident in the prior decision, that dismissal is a "fully sufficient condition" to alone justify dismissal with prejudice. (Id. at 2-3.)

Defendants go on to argue that several district courts and appellate courts have held that a res judicata dismissal constitutes a strike under the PLRA when the dismissal demonstrates that the prior court reached the conclusion that res judicata was a fully sufficient condition to warrant dismissal. (Id. at 3.) For example, defendants cite Ford v. Pierce, 2018 WL 6809563, at *3 (E.D. Cal. 2017), findings and recommendations adopted Jan. 16, 2019, where the court found that a case dismissed on res judicata grounds constituted a strike pursuant to 28 U.S.C. § 1915(g).

In the objections, defendants go on to argue that in case no. 07-cv-1390, the court dismissed plaintiff's entire claim with prejudice on the grounds that his claim had been previously raised and was now barred by res judicata. (Id. at 4.) Defendants argue that although the court in case no. 07-cv-1390 did not cite any of the specific grounds under the PLRA in the dismissal order, the reasoning of the court permits this court to infer failure to state a claim. (Id.) Defendants argue that as in O'Neal, supra, the court's decision in case no. 07-cv-1390 to dismiss with prejudice demonstrates it believed that plaintiff failed to state a claim and that the claim was sufficiently frivolous to dismiss the action with prejudice. (Id.)

Defendants further argue that the language of the court in case no. 07-cv-1390 even more

| | |
|---|---|
| 1 | directly supports a finding of frivolousness than that in <u>O'Neal</u>, <u>supra</u>. (<u>Id.</u>) Defendants argue |
| 2 | that in case no. 07-cv-1390, the court noted that the prior decision in case no. 07-cv-00493 had |
| 3 | been reached on the merits, concluding plaintiff's "claims rose to the level of being 'irrational' or |
| 4 | 'wholly incredible.'" (<u>Id.</u>, citing 07-cv-1390 at ECF No. 79 at 5-6.) Defendants contend that the |
| 5 | court in case no. 07-cv-1390 found that plaintiff sought to raise the same irrational and wholly |
| 6 | incredible claims raised in case no. 07-cv-00493. (<u>Id.</u>) Based on these arguments, defendants |
| 7 | contend that case no. 07-cv-1390 constitutes a strike pursuant to 28 U.S.C. § 1915(g). (<u>Id.</u>) |
| 8 | The undersigned observes that in the June 7, 2011 findings and recommendations, |
| 9 | Magistrate Judge Cohn also stated, |

> However, rather than amend his complaint in [07-cv-00493] to provide greater specificity to the "manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain," Plaintiff had split the claims between the two case and the duplicative claims in [07-cv-493] were dismissed with prejudice. Based on the above comparison of [07-cv-493] and this action, the Court finds that both actions stem from the same series of events and could have been conveniently tried together.

| | |
|---|---|
| 15 | (1: 07-cv-1390 at ECF No. 79 at 5.) |
| 16 | In his June 23, 2021, supplemental briefing, plaintiff argues that while defendants cite a |
| 17 | list of cases finding that a prior dismissal based on res judicata may be a strike under 28 U.S.C. |
| 18 | § 1915(g), defendants failed to address the merits of whether case no. 07-cv-1390 is a strike under |
| 19 | 28 U.S.C. § 1915(g). (ECF No. 47 at 2.) |
| 20 | Having considered the arguments raised by defendants in their objections to the April 30, |
| 21 | 2021 findings and recommendations, plaintiff's reply to the objections and plaintiff's |
| 22 | supplemental briefing, the undersigned finds that case no. 07-cv-1390 is a strike pursuant to 28 |
| 23 | U.S.C. § 1915(g). As it is clear that an action dismissed on res judicata grounds may be a strike |
| 24 | pursuant to 28 U.S.C. § 1915(g), the undersigned finds that the dismissal of case no. 07-cv-1390 |
| 25 | on res judicata grounds "rang the PLRA bells of frivolous, malicious, or failure to state a claim." |
| 26 | <u>El-Shaddai</u>, 833 F.3d at 1042. As discussed above, the court dismissed case no. 07-cv-1390 |
| 27 | because it raised claims that had been previously raised, or were related to claims that were |
| 28 | previously raised, in case no. 07-cv-00493. As discussed above, the judge in case no. 07-cv- |

8

00493 dismissed the previously raised claims as frivolous.

Based on the court's reasoning in case no. 07-1390, plaintiff did not have a good faith argument that his claims were not barred by res judicata.[1]  See Furnace, supra.  Accordingly, case no. 07-cv-1390 constitutes a strike pursuant to 28 U.S.C. § 1915(g).

*Imminent Danger Exception*

Because plaintiff sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11.  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The determination of whether plaintiff is in imminent danger of serious physical injury is determined at the time of filing the complaint, and is not reevaluated based on allegations in an amended complaint.  See, e.g., Bradford v. Usher, 2019 WL 4316899, at *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has been satisfied need not be subsequently reexamined until and unless an appeal is filed.");

---

[1] The undersigned also observes that the Ninth Circuit affirmed the district court's order dismissing case no. 07-cv-1390 as barred by res judicata.  See 1: 07-cv-1390 at ECF No. 100.

Simmons v. Wuerth, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020) (Section 1915(g)'s imminent danger "exception applies if the *complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing") (citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis in original)).

Plaintiff filed this action on July 22, 2020. (ECF No. 1). However, this action proceeds on plaintiff's amended complaint filed August 27, 2020, as to defendants Spearman, Grether, Roderick, Sharp, Smith and Mey as to the following claims: 1) defendants Spearman, Grether, Roderick, Sharp and Smith violated the Eighth Amendment by failing to take corrective action against defendant Mey; 2) defendants Mey and Roderick retaliated against plaintiff for filing grievances by failing to properly dispose of plaintiff's contraband coffee and donuts; 3) defendant Mey assaulted plaintiff in retaliation for filing grievances and reporting the alleged assault; 4) defendant Grether transfer plaintiff to SVSP in retaliation for plaintiff filing grievances; 5) defendants Mey, Roderick and Grether violated the Bane Act by committing the allegedly retaliatory acts; and 6) defendant Mey violated the Eighth Amendment by assaulting plaintiff. (ECF No. 12 (amended complaint); ECF No. 16 (order directing service).)

All defendants are employed at High Desert State Prison ("HDSP"). (ECF No. 12 at 1-2.) At the time plaintiff filed the original (and amended) complaint, plaintiff was housed at Mule Creek State Prison ("MCSP").

The undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g) because he is no longer housed at HDSP, where the alleged deprivations occurred. Plaintiff fails to demonstrate how or why he is in imminent danger when he is no longer housed in the prison where defendants work.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss (ECF No. 33) is vacated;

IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 38) be granted; plaintiff be ordered to pay the filing fee within thirty days of the adoption of these findings and recommendations.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 30, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lam1474.dis